The Opinion or the Court. — At the July term of the Fayette county court, an order was made, on the motion of Hamilton Jenkins, directing Curry, orphan of Nicholas Curry, deceased, to be bound as an apprentice to him to learn the mill-wright’s trade. On the same day, John Curry, by James Tracy, his next friend, moved the court to rescind the order; but the court being divided in opinion, the motion fell. A bill of exceptions was taken to the opinion of the court, which is made part of the record, from which it appears that Curry was not present when the order binding him as an apprentice was made ; nor had he, “ his guardian, next friend, or persqn in whose custody he vvas,” been summoned.
Natural justice, independent of any positive statutary provision, clearly dictates, that an orphan shemld not be condemned to servitude in his absence, and the absence of his guardian and friends. ■
The legislature, however, have provided, in the “ act concerning the poor,” passed December 19th 1793 (a), |hat the court shall summon the next friend of, or person *494 with whom any poor orphan resides, before an order is wade to bind him an apprentice.
liar dm, for the plaintiff in error.
This provision is not repealed, or dispensed with, by the “ act concerning guardians, infants,” &c. passed March 1st 1797 (a). The order of the county court directing John Curry to be bound apprentice to Hamilton Jenkins, in-ihe absence of Curry and his friends, and when neither he nor they had been summoned, was, therefore, erroneous, and contrary to law ; and, consequently, the court ought to have set it aside, upon the application of Curry, by his next friend.
Judgment reversed.

(a) ch. 3s, § 3. p- 46, * Brad. 308.

 Afts of l7Bnd7’¡¡of 5’